STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2018 KA 0427 R

STATE OF LOUISIANA

VERSUS

KENDELL SHANNER CAGLER

JUDGMENT RENDERED:    **SEP 3 0 2020**

* * * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany • State of Louisiana
Docket Number 577420 • Division C

The Honorable Richard A. Swartz, Judge Presiding

* * * * * * *

Warren L. Montgomery
*District Attorney*

ATTORNEYS FOR APPELLEE
State of Louisiana

Matthew Caplan
*Assistant District Attorney*
Covington, Louisiana

Katherine M. Franks
*Louisiana Appellate Project*
Madisonville, Louisiana

ATTORNEY FOR APPELLANT
DEFENDANT—Kendell Shannon
Cagler

* * * * * * *

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

**WELCH, J.**

The State of Louisiana charged the defendant, Kendell Shanner Cagler, by an amended bill of information with one count of armed robbery with a firearm, a violation of La. R.S. 14:64 and 14:64.3 (count I); one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count II); and one count of aggravated second degree battery, a violation of La. R.S. 14:34.7 (count III). Following a jury trial, a non-unanimous jury found the defendant guilty as charged on counts I and II, and not guilty on count III. On count I, the trial court sentenced the defendant to imprisonment at hard labor for sixty years, with an additional five-year imprisonment at hard labor pursuant to La. R.S. 14:64.3, the firearm enhancement statute. On count II, the trial court sentenced the defendant to imprisonment at hard labor for twenty years. The trial court ordered the defendant's sentences on both counts without benefit of parole, probation, or suspension of sentence. The trial court gave the defendant credit for time served. The trial court subsequently adjudicated the defendant a fourth-felony habitual offender and resentenced him on count I to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

This court affirmed the defendant's convictions and sentences on appeal. See **State v. Cagler**, 2018-0427 (La. App. 1st Cir. 11/7/18), 2018 WL 5876878 (unpublished). However, the Louisiana Supreme Court granted the defendant's writ application and remanded the case to this court "for further proceedings and to conduct a new error patent review in light of **Ramos v. Louisiana**, ___ U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020)[,]" as the defendant's case was not yet final, but still pending on direct review. See **State v. Cagler**, 2018-02015 (La. 6/3/20), 296 So.3d 1017, 2020 WL 3423802, at *1 (*per curiam*) (citing **Griffith v. Kentucky**, 479 U.S. 314, 328, 107 S. Ct. 708, 716, 93 L. Ed. 2d 649 (1987)).

2

In **Ramos**, the United States Supreme Court overruled **Apodaca v. Oregon**[1] and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. **Ramos**, 140 S. Ct. at 1397. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S. Ct. at 1406. Accordingly, the defendant's convictions and sentences are vacated, and we remand this case for a new trial.

## DECREE

In light of **Ramos v. Louisiana**, ___ U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), we vacate the defendant's convictions and sentences and remand this matter for a new trial.

**CONVICTIONS AND SENTENCES VACATED; REMANDED FOR NEW TRIAL.**

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca v. Oregon**, 406 U.S. 404, 412-13, 92 S. Ct. 1628, 1634, 32 L. Ed. 2d 184 (1972). **Johnson v. Louisiana**, 406 U.S. 356, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.